# NO. 12-21-00108-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL LEON WATERS, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Leon Waters appeals from his conviction for violating a protective order. In a single issue, he contends the trial court erred by imposing certain court costs. We affirm.

## BACKGROUND

In August 2020, Appellant was indicted for the offense of violation of a protective order at least two times in a twelve-month period.[1] Appellant pleaded "guilty" to the offense. He further pleaded "true" to the State's enhancement paragraph alleging that he had been previously convicted of a felony. The trial court found Appellant "guilty" and found the enhancement paragraph "true." Following a punishment hearing, the trial court assessed punishment at ten years imprisonment. This appeal followed.

## COURT COSTS

In his sole issue, Appellant urges the trial court improperly assessed certain court costs in its judgment. Specifically, he argues the trial court erroneously assessed costs for the "county specialty court account" and overcharged the "courthouse security fund." We disagree.

---

[1] TEX. PENAL CODE ANN. § 25.072 (West Supp. 2021).

**Local Consolidated Fee on Conviction of Felony**

Appellant urges that he should not have been charged the "county specialty court account" because it does not apply to his offense. Prior to June 2019, Article 102.0178(g) provided that funds received from costs on conviction of an offense under Chapter 49 of the Texas Penal Code (intoxication offenses) or Chapter 481 of the Texas Health and Safety Code (controlled substances offenses) would be deposited to the credit of the drug court account to help fund drug court programs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0178(a), (g) (West 2018), *repealed by* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 1.18, 2019 Tex. Gen. Laws 1352. But in June 2019, the Legislature redesignated that account to the "county specialty court account" under Section 134.101(b)(6) of the Texas Local Government Code, i.e., the Local Consolidated Fee on Conviction of Felony. *See* TEX. LOCAL GOV'T CODE ANN. § 134.101(b)(6) (West 2021). Section 134.101 assesses an additional $105 fee for persons convicted of felonies. TEX. LOCAL GOV'T CODE ANN. § 134.101(a). That $105 fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *Id*. § 134.101(b). The Local Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020. *Id.* The date of Appellant's charged offense in the indictment is "on or about June 6, 2020 through June 13, 2020." Therefore, the Local Consolidated Fee on Conviction of Felony, including the "county specialty court account" applies.

Next, Appellant complains that the bill of costs assesses a $10.00 "courthouse security fund" fee. He urges that, under Article 102.017 of the Texas Code of Criminal Procedure, a defendant convicted of a felony offense in a district court shall pay a $5.00 security fee as a cost of court. *See* TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West 2018) *amended by* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 1.08, 2019 Tex. Gen. Laws 1352. However, Article 102.017 has been rewritten and applies to a cost, fee, or fine on conviction for an offense committed on or after January 1, 2020. *See* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 Tex. Gen. Laws 1352 (current version at TEX. CODE CRIM. PROC. ANN. art. 102.017 (West Supp. 2020)). Because Appellant's offense was committed in June 2020, the new legislation applies.

The bill of costs in Appellant's case includes the following costs as enumerated in Section 134.101: $40.00 Clerk of the Court, $4.00 County and District Court Technology Fund, $1.00 County Jury Fund, $25.00 County Records Management and Preservation, $25.00 County Specialty Court Account, and $10.00 Courthouse Security Fund. These total $105 in fees. As stated above, per the statute's effective date, Appellant is obligated to pay the Local Consolidated Fee on Conviction of Felony. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered December 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-21-00108-CR**

**MICHAEL LEON WATERS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1384-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*